BARNETT V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-104-CR

DANIEL BARNETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 78
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

OPINION

------------

Daniel Barnett appeals from his conviction for aggravated sexual assault.  In one point, appellant argues that the evidence is factually insufficient to support the conviction.  We affirm.

FACTS

Appellant was married to 
Helen Martinez.  Appellant and Martinez lived together with their young child and Martinez’s two-year-old daughter from a prior relationship. 
 On or about the morning of September 30, 2001, Martinez was lying in bed when appellant woke up and went into the bathroom to shower.  
Martinez’s two-year-old daughter followed him into the bathroom.  
Martinez felt “weird” about her daughter being alone with appellant and decided to go into the bathroom.  
She sat on the toilet and because sunlight was coming through the window behind the tub, she could see appellant and her daughter in the shower
 through the shower curtain.  
Through the curtain, she saw that appellant had the child in his arms and was moving the child up and down.  She was uncertain about what she was actually seeing, so she peeked around the shower curtain and saw appellant rubbing the child up and down against his body starting at the chest level down to appellant’s penis. 
 She pulled the shower curtain back and yelled, “What the hell are you doing?” 
 Appellant dropped the child on her bottom.  
She grabbed the child from the tub and saw that appellant’s penis was partially erect (“going up”). 

When Martinez asked the child what appellant had done to her, the child put her arm around her bottom.  
The child acted scared and was quiet.  Martinez dried the child off and stayed in the bedroom with her for a few hours before she went to confront appellant in the kitchen.  Martinez asked appellant why he did it, and appellant just shook his head.  Martinez asked him again, and appellant said “I don’t know,” and got down on one knee and started to cry.  Martinez told him she was going to call the police, and appellant pulled the kitchen phone out of the wall by the cord.  Appellant left the house to go to work at 6:00 p.m. It is unclear whether the phone was the only one in the house, or if it was, whether it was undamaged and could be plugged back into the wall.  

After Martinez called the police, she took the child to the hospital.  Doctor Terry Johnson examined the child, and the exam revealed that the child had a bruised hymen and significant abrasions on the entrance of the vagina.  The doctor testified at trial that the trauma to the child’s vaginal area was consistent with penetration of the vagina in the preceding seventy-two hours.  
The State
 admitted medical records and photographs at trial showing the child’s bruised hymen and the fresh abrasions on her vaginal area. 

The jury found appellant guilty of aggravated sexual assault.  He was sentenced to sixty years’ confinement.  

STANDARD OF REVIEW

Appellant’s sole point on appeal challenges the factual sufficiency of the evidence to support his conviction.  Specifically, appellant argues that there is no evidence of penetration or contact between appellant’s sexual organ and the victim’s sexual organs.  

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the 
verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  A factual sufficiency review of circumstantial evidence is the same as a review of direct evidence.  
King v. State
, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999). 

DISCUSSION

Appellant contends that the State did not prove beyond a reasonable doubt that appellant’s sexual organ had contact with or penetrated 
the child’s sexual organs.  In support of his argument, he complains of several inconsistencies in Martinez’s testimony.  Specifically, he points to the fact that although Martinez felt “weird” about her child being in the bathroom with appellant, she sat on the toilet for three to four minutes before doing anything.  He also claims that she testified that appellant pulled the only phone out of the wall, but also testified that she later called friends and the police.  Additionally, appellant complains that Martinez’s time-line of events was inconsistent.  He points to her testimony where she stated that appellant left for work at 6:00 p.m., but also testified that the assault occurred in the morning and he left a few hours later.  Appellant also points to Martinez’s admission that she did not see appellant’s penis penetrate the child’s vagina.  With respect to Doctor Johnson’s testimony, appellant contends that the lack of forensic evidence (no pubic hairs or semen), lack of prior injuries, and the victim’s playful nature support the proposition that the State did not meet its burden of proof.

The State presented eyewitness evidence that appellant was naked and rubbing the naked child up and down on his body within seventy-two hours of the medical examination of the child.  The medical exam revealed that traumatic force had been applied to the child’s hymen and vagina within seventy-two hours preceding the exam.  The doctor further stated that the trauma to the child’s sexual organs could not have been caused by ordinary day-to-day activity.  The injuries were consistent with a semi-erect penis rubbing against the labia minora and majora of the child’s vagina. 

A review of the record does reveal that some of Martinez’s testimony regarding the timeline and the phone was unclear.  However, appellant misstates the record when he contends that Martinez testified that appellant pulled out the only phone in the house.  The record does not reveal whether Martinez had another house phone, or whether she just plugged the phone back into the wall.  Significantly, the record does reveal that Martinez’s version of the assault was substantially corroborated by the medical evidence and Doctor Johnson’s testimony.  Additionally, the evidence from the medical exam clearly shows that the child’s sexual organs had been penetrated within the seventy-two hours preceding the exam.  

Therefore, after a neutral review of the record, we conclude that the testimony of Martinez and Doctor Johnson, taken along with the medical evidence admitted at trial, is factually sufficient to support appellant’s conviction.  We affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  January 29, 2004